UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 2795

------------------------------------------------------------X
MARC CURTIS

                Plaintiff(s),

    -against-

THE CITY OF NEW YORK,
P.O. CESAR CASTILLO,
Shield No. 18545, Tax Registry No. Unknown,
"John Doe" and "Ronald Roe"
and various other unknown officers of the
NEW YORK CITY POLICE DEPARTMENT

                Defendants.
------------------------------------------------------------X

COMPLAINT

JUDGE BAER

(Jury Trial Demanded)



MAR 17 2008
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff MARC CURTIS, by his attorneys, Kreisberg & Maitland, LLP, for his Complaint herein, alleges as follows:

## PRELIMINARY STATEMENT

      1.    Plaintiff brings this action against the City of New York, P.O. Cesar Castillo and other unknown named officers and employees of the City of New York, pursuant to 42 U.S.C. § 1983, to redress the deprivation of his constitutional rights. On December 19, 2006, defendants violated Marc Curtis' constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution when they seized, assaulted and handcuffed him and detained him without probable cause to believe he had committed a crime. Further, certain of plaintiff's property was damaged or removed from him and never returned to him.

A number of state law claims arising from these events are joined herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, since plaintiff's claims arise under federal law.

3. This Court also has jurisdiction under 28 U.S.C. § 1367, since plaintiff's claims arise under the common law of the State of New York.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b), as the acts complained of occurred in the State of New York, County of New York.

## PARTIES

5. Marc Curtis ("Plaintiff") is a citizen of the United States of America. He resides in the State of New York, County of Bronx.

6. Defendant Police Officer Cesar Castillo, Shield No. 18545, of the New York City Police Department ("NYPD") was, at all times relevant hereto, an employee of the City of New York, New York Police Department, and, at all times relevant hereto, was acting within the scope of his employment and under color of law.

7. Defendant Police Officer John Doe ("Doe"), (first and last name unknown), was, at all times relevant hereto, an employee of the NYPD, and, at all times relevant herein, was acting within the scope of his employment and under color of law.

8. Defendant Police Officer Ronald Roe ("Roe"), (first and last name unknown), was, at all times relevant hereto, an employee of the NYPD, and, at all times relevant herein,

was acting within the scope of his employment and under color of law.

9. Defendants "John Doe" and "Ronald Roe" et al., whose names are presently unknown, refer to an unknown number of unidentified employees of the NYPD who were, at all times relevant hereto, employed by the NYPD, all of whom participated in the unlawful acts alleged herein. At all times relevant hereto, defendants "John Doe" and "Ronald Roe" et al. were acting within the scope of their employment and under color of law.

10. Defendant, City of New York ("City"), is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant hereto, it was the employer of all the individual NYPD employees, named and unnamed, whose conduct forms the basis for this lawsuit.

## ADMINISTRATIVE PREREQUISITES

11. On February 22, 2007, plaintiff filed a timely Notice of Claim with the defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law.

12. After all criminal charges were dismissed on March 27, 2007, plaintiff timely filed a second notice of claim on April 18, 2007, to add a claim of malicious prosecution.

13. On April 16, 2007, plaintiff gave testimony as required by § 50-h of the General Municipal Law.

14. At least thirty days have elapsed since plaintiff filed the aforesaid Notice of

Claim and adjustment or payment thereof has been neglected or refused. This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

## FACTS UNDERLYING THE ARREST

15. On December 19, 2006, at approximately 11:30 p.m., plaintiff pulled over his vehicle outside a convenience store called Joseph Food Corp., located at 204th Street and Nagle Avenue in New York, New York, in order to buy a juice drink. As he attempted to exit the vehicle, approximately four uniformed officers of the NYPD, including Police Officer Cesar Castillo, approached him from a marked NYPD van.

16. P.O. Cesar Castillo asked plaintiff for his license and registration. Plaintiff complied with this request. Defendant Castillo then asked plaintiff to exit the vehicle and to stand at the rear of the vehicle. Plaintiff further complied with these requests.

17. Without asking permission to do so or otherwise explaining their actions, defendant Castillo searched plaintiff's body.

18. Without asking permission to do so or otherwise explaining their actions, defendants proceeded to search plaintiff's vehicle.

19. After approximately ten to fifteen minutes, defendant John Doe returned to the marked NYPD van and drove away. Plaintiff remained outside his vehicle with three other defendants. Approximately fifteen minutes later, the defendant Doe returned in the NYPD van.

20. At this time, plaintiff was advised by defendant Castillo that he was under arrest and that his vehicle was subject to further investigation. He was handcuffed and placed in the back of the NYPD van. He was eventually transported to the 34th precinct.

21. Throughout his time in custody, plaintiff repeatedly requested to know the charges against him. Defendants, including Castillo, declined to disclose why he had been arrested or what criminal charges he was facing.

22. Plaintiff was fingerprinted and photographed at the 34th Precinct. Hours later he was transported to Manhattan Central Booking. He was arraigned more than forty hours later at approximately 6:00 p.m. on December 21, 2006. Plaintiff was charged with Criminal Trespass in the Second Degree (N.Y.S.P.L. §140.15) and Criminal Possession of a Weapon in the Fourth Degree (N.Y.P.L. § 203.01 (1) under Docket No. 2006NY086610. Bail was set at $250 and posted by his wife at the arraignment. The matter was adjourned to February 20, 2007 and then March 27, 2007.

23. On March 27, 2007, Plaintiff appeared before the New York County Criminal Court. All charges against him were dismissed.

24. Because of these events, plaintiff sustained physical, emotional and psychiatric injuries, incurred expenses and lost wages.

25. As a result of the aforesaid actions of the defendants, Plaintiff was unable to work for approximately one week after his arrest.

26. As a result of defendants' actions, the plaintiffs have experienced, and continue

to experience, severe humiliation, embarrassment, emotional and psychological distress.

## FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1983--False Arrest)

27. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "26" hereof, as though set forth fully at length herein.

28. On December 19, 2006, the defendants detained the plaintiff by placing him in handcuffs and holding him in custody for more than forty hours against his will.

29. The defendants did not have probable cause to believe that plaintiff had committed or was committing any crime. Plaintiff did not engage in any conduct that warranted his detention or arrest.

30. As a result of the defendants' conduct, plaintiff was detained for a number of hours, and at all times knew that he was detained. Moreover, plaintiff did not consent to his detention or to being assaulted and handcuffed.

31. Because defendants did not have probable cause to believe that plaintiff committed any crime, the arrest of plaintiff and his subsequent detention were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

32. As a result of his arrest, plaintiff lost wages and suffered, and continues to suffer, emotional and psychological pain, suffering and harm.

## SECOND CLAIM FOR RELIEF

(Excessive Force- 42 U.S.C. §1983)

33. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "32" hereof, as though set forth fully at length herein.

34. On December 19, 2006, defendants arrested plaintiff. In effectuating his arrest, defendants used more force than was reasonable or necessary under the circumstances.

35. In committing the aforesaid acts, the defendants were acting as employees of the defendant City within the scope of their employment and under color of law. The defendant City is responsible for their actions and the consequences under the doctrine of *respondeat superior.*

36. As plaintiff's behavior provided no justification for defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments of the United States Constitution, and thereby violated his rights under 42 U.S.C. §1983.

37. As a result of the defendants' conduct, plaintiff lost wages and suffered, and continues to suffer, emotional and psychological pain, suffering and harm.

### THIRD CLAIM FOR RELIEF

(False Arrest)

38. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "37" hereof, as though set forth fully at length herein.

39. On December 19, 2006, the defendants arrested plaintiff by placing him in

handcuffs.

40. The defendants did not have probable cause to believe that plaintiff had committed or was committing any crime. Plaintiff did not engage in any conduct that warranted his arrest or detention.

41. As a result of the defendants' conduct, plaintiff was detained, and at all times knew he was detained. Moreover, plaintiff did not consent to his detention.

42. Because the defendants did not have probable cause to believe that plaintiff committed any crime, the arrest of plaintiff was unjustified.

43. As a result of his arrest, plaintiff lost wages and suffered, and continues to suffer, emotional and psychological pain, suffering and harm.

44. As the employer of the defendant police officers, the defendant City is responsible for the lost wages and injuries plaintiff suffered, and continues to suffer, as a result of defendants' conduct pursuant to the doctrine of *respondeat superior*.

## FOURTH CLAIM FOR RELIEF

(Malicious Prosecution)

45. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "44" as if fully set forth herein.

46. On December 19, 2006, defendants including P.O. Cesar Castillo arrested

plaintiff without probable cause.

47. As a result of his arrest, the District Attorney for the County of New York prosecuted plaintiff for the conduct for which he was arrested. Upon information and belief, defendants including P.O. Cesar Castillo provided the information necessary to permit the District Attorney to file the accusatory instrument that constituted the basis for plaintiff's prosecution.

48. Following the commencement of the criminal prosecution, plaintiff remained detained as result of his arrest. He was required to appear in court to answer the baseless charges against him. Moreover, his ability to travel freely outside the State of New York was restricted.

49. Ultimately, the criminal prosecution commenced against Plaintiff by the New York County District Attorney's Office terminated in his favor. On March 27, 2007, the charges that plaintiff faced were dismissed.

50. At all times relevant herein, defendants, including Castillo, acted with malice. They knew, or, in the case of defendant Castillo, should have known, that plaintiff was actually innocent of the offenses with which he was charged.

51. As such, the conduct of the defendants violated plaintiff's rights protected by the Fourth and Fourteenth Amendments to the United States Constitution.

52. As a result of his arrest and subsequent prosecution, plaintiff suffered, and continues to suffer, psychological harm.

## **FIFTH CLAIM FOR RELIEF -**

(All Defendants--Assault and Battery)

53.   Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "52" hereof, as set forth fully at length herein.

54.   On December 19, 2006, the defendants placed their hands on plaintiff. Defendants touched him in a harmful and offensive manner.

55.   On December 19, 2006, the defendants detained the plaintiff by placing him in handcuffs. While handcuffing him, said defendants touched plaintiff in a harmful and offensive manner.

56.   At all times relevant hereto, the defendants were acting within the scope of their employment.

57.   Defendants' actions placed plaintiff in imminent fear of a harmful or offensive contact. Prior to and after handcuffing him, the defendants placed plaintiff in imminent fear of a harmful or offensive contact.

58.   Plaintiff did not consent to or otherwise authorize the defendants to touch him.

59.   As a result of the conduct of the defendants, plaintiff lost wages and suffered physical and psychological harm, and continues to suffer psychological harm.

60.   As the employer of individual defendants, the defendant City is responsible for the lost wages and injuries plaintiff suffers, and continues to suffer, as a result of their conduct pursuant to the doctrine of *respondeat superior*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs pray for the following relief:

(a) compensatory damages in an amount to be determined at trial;

(b) punitive damages in an amount to be determined at trial;

(c) prejudgment interest;

(d) reasonable attorneys' fees;

(e) costs and expenses; and

(f) such other and further relief as is just and proper.

Dated: New York, New York
       March 11, 2008

> KREISBERG MAITLAND & THORNHILL, LLP
> Attorneys for Plaintiffs
> 116 John Street, Suite 1120
> New York, NY 10038
> (212) 629-4970
>
> By: _____
>     Gary Maitland (GM 8768)