UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

MARC CURTIS,

                              Plaintiff,

                -against-

THE CITY OF NEW YORK, P.O. CESAR CASTILLO,
Shield No. 18545, Tax Registry No. Unknown, "John Doe"
and "Ronald Roe" and various other unknown officers of
the NEW YORK CITY POLICE DEPARTMENT,

                        Defendants.

------------------------------------------------------------------------- x

**ANSWER**

**08 CV 2795 (HB)**

<u>**Jury Trial Demanded**</u>

       Defendants City of New York ("City"), and Cesar Castillo, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, allege upon information and belief as follows:

          1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

          2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

          3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

          4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.      Deny the allegations set forth in paragraph "6" of the complaint, except admit that defendant Cesar Castillo is employed by the City of New York as a police officer.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.     Deny the allegations set forth in paragraph "10" of the complaint, except admit that defendant City is a municipal entity and that defendant City maintains a police department and respectfully refers the Court to the New York State Charter.

11.     Deny the allegations set forth in paragraph "11" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the New York City Comptroller's Office on or about February 22, 2007.

12.     Deny the allegations set forth in paragraph "12" of the complaint, except admit that a document purporting to be a Notice of Claim was received on April 18, 2007.

13.    Deny the allegations set forth in paragraph "13" of the complaint, except admit that a hearing pursuant to General Municipal Law § 50-h was conducted on April 16, 2007.

14.    Deny the allegations set forth in paragraph "14" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about April 18, 2007, that this matter has not bee settled and that plaintiff filed the complaint in the instant action on or about March 17, 2008

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.    Deny the allegations set forth in paragraph "16" of the complaint.

17.    Deny the allegations set forth in paragraph "17" of the complaint.

18.    Deny the allegations set forth in paragraph "18" of the complaint.

19.    Deny the allegations set forth in paragraph "19" of the complaint.

20.    Deny the allegations set forth in paragraph "20" of the complaint.

21.    Deny the allegations set forth in paragraph "21" of the complaint.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.    Deny the allegations set forth in paragraph "24" of the complaint.

25.    Deny the allegations set forth in paragraph "25" of the complaint.

26.    Deny the allegations set forth in paragraph "26" of the complaint.

27.    In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if more fully set forth herein.

28.    Deny the allegations set forth in paragraph "28" of the complaint.

29.    Deny the allegations set forth in paragraph "29" of the complaint.

30.    Deny the allegations set forth in paragraph "30" of the complaint.

31.    Deny the allegations set forth in paragraph "31" of the complaint.

32.    Deny the allegations set forth in paragraph "32" of the complaint.

33.    In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if more fully set forth herein.

34.    Deny the allegations set forth in paragraph "34" of the complaint.

35.    Deny the allegations set forth in paragraph "35" of the complaint.

36.    Deny the allegations set forth in paragraph "36" of the complaint.

37.    Deny the allegations set forth in paragraph "37" of the complaint.

38.    In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if more fully set forth herein.

39.    Deny the allegations set forth in paragraph "39" of the complaint, except admit that plaintiff was arrested on December 19, 2006.

40.    Deny the allegations set forth in paragraph "40" of the complaint.

41.    Deny the allegations set forth in paragraph "41" of the complaint.

42.    Deny the allegations set forth in paragraph "42" of the complaint.

43.    Deny the allegations set forth in paragraph "43" of the complaint.

44.    Deny the allegations set forth in paragraph "44" of the complaint.

45.    In response to the allegations set forth in paragraph "45" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if more fully set forth herein.

46.    Deny the allegations set forth in paragraph "46" of the complaint.

47.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    Deny the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if more fully set forth herein.

54.    Deny the allegations set forth in paragraph "54" of the complaint.

55.    Deny the allegations set forth in paragraph "55" of the complaint.

56.    Deny the allegations set forth in paragraph "56" of the complaint.

57.    Deny the allegations set forth in paragraph "57" of the complaint.

58.    Deny the allegations set forth in paragraph "58" of the complaint.

59.    Deny the allegations set forth in paragraph "59" of the complaint.

60.    Deny the allegations set forth in paragraph "60" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

61.    The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

62.    Any injuries alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and were not the proximate result of any act of the defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

63.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof or any act of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

64.    Plaintiff may not recover punitive damages against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

65.    There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

66.    At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

67.    At all times relevant to the acts alleged in the complaint, the individual defendant, Cesar Castillo, acted reasonably in the proper and lawful exercise of his discretion.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

68.    Plaintiff's claims may be barred, in whole or in part, because he may have failed to comply with conditions precedent to suit.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

69.    Plaintiff's claims may be barred, in whole or in part by the applicable statute of limitations.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

70.    At all times relevant to the acts alleged in the complaint, the duties and functions of the individual defendant Cesar Castillo entailed the reasonable exercise of proper and lawful discretion.    Therefore, defendant Castillo is entitled to qualified immunity from liability.

**WHEREFORE**, defendants City of New York and Cesar Castillo request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          June 16, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                    City of New York
                                    *Attorney for Defendant City of New York &*
                                    *Officer Cesar Castillo*
                                    100 Church Street
                                    New York, New York  10007
                                    (212) 788-8343

                                    By_____
                                         Baree N. Fett (BF9416)
                                         Special Federal Litigation Division

TO:  Gary Maitland, Esq. (by ECF and Mail)
     *Attorney for Plaintiff*
     116 John Street, Suite 1120
     New York, New York  10038

## DECLARATION OF SERVICE BY MAIL

I, BAREE N. FETT declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on June 16, 2008, I served the annexed **ANSWER** upon the following plaintiff, by his attorney, Gary Maitland, Esq., by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff's counsel at the address set forth below, being the address designated by said plaintiff for that purpose:

TO:    Gary Maitland, Esq.
       Kreisberg Maitland & Thornhill, LLP
       16 John Street, Suite 1120
       New York, New York  10038

Dated:       New York, New York
             June 16, 2008

                                          _____
                                          BAREE N. FETT

08 CV 2795 (HB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC CURTIS,

                                                Plaintiff,

                        -against-

THE CITY OF NEW YORK, P.O. CESAR
CASTILLO, Shield No. 18545, Tax Registry No.
Unknown, "John Doe" and "Ronald Roe" and
various other unknown officers of the NEW YORK
CITY POLICE DEPARTMENT,

                                                Defendants.

## ANSWER

### MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, N.Y.  10007

*Of Counsel: Baree N. Fett*
*Tel:  (212) 788-8343*
*NYCLIS No. 2008013001*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................, 2008 . . .*

*.........................................................Esq.*

*Attorney for ...............................................*